UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

URI TORNHEIM,

                              *Plaintiff*,

        -against-                    No. 03-CV-0940
                                                    (LEK)(DRH)

THE NEW YORK STATE SENATE, THE NEW YORK
STATE ASSEMBLY, THE STATE OF NEW YORK and
DOREEN TORNHEIM a/k/a DOREEN KOHN,

                              *Defendants*.

## MEMORANDUM OF LAW IN SUPPORT OF NEW YORK STATE DEFENDANTS' RULE 12(B)(1) MOTION TO DISMISS

                                                 ELIOT SPITZER
                                                 Attorney General of the State of New York
                                                 Attorney for Defendants State of New York, New
                                                 York State Senate and New York State Assembly
                                                 The Capitol
                                                 Albany, NY  12224

Charles J. Quackenbush
Assistant Attorney General, Of Counsel
BRN 601683
Telephone: (518)402-2270
charles.quackenbush@oag.state.ny.us

# Table of Contents

Preliminary Statement ................................................... 2

Facts .................................................................. 2

Argument:   Plaintiff Cannot Obtain Subject Matter Jurisdiction ........... 3

    1.   Sovereign Immunity ............................................. 3

    2.   The *Rooker-Feldman* Doctrine  .................................. 4

Conclusion ............................................................. 5

## Preliminary Statement

Plaintiff sought, and obtained, a judgment of divorce[1] from his wife in Kings County Supreme Court.[2] After the entry of judgment, plaintiff took an appeal to the Appellate Division seeking to vacate the divorce; the appeal was partially dismissed for plaintiff's failure to demonstrate that he was an "aggrieved party" as required by CPLR 5511. The plaintiff now seeks a federal declaratory judgment invalidating CPLR 5511, contending that the statute violates his due process rights under the Fourteenth Amendment to the United States Constitution.[3]

Defendants State of New York, New York State Senate and New York State Assembly now move to dismiss the complaint in its entirety pursuant to Fed. R. Civ. P. Rule 12(b)(1). The State defendants respectfully submit that the Court lacks subject matter jurisdiction by virtue of sovereign immunity and by operation of the Rooker-Feldman doctrine.

## Facts

For purposes of this motion, the Court is invited to treat the allegations of the complaint as true and construe them in plaintiff's favor. *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1088 (2nd Cir. 1995). According to the complaint, plaintiff obtained a divorce against defendant Doreen

---

[1] The exhibit to the Complaint reflects that an Order and Judgment of divorce was issued on November 20, 2001 by Hon. Virginia E. Yancey in a matrimonial part of the Supreme Court of the State of New York, Kings County. The Judgment was filed with the Office of the Kings County Clerk's Office on December 4, 2001.

[2] Plaintiff has brought another suit in this Court, *Tornheim v. State of New York, et al*, 03-CV-0940 (LEK)(DRH)("*Tornheim 1*") in which Doreen Tornheima/k/a Doreen Kohn was not joined as a co-defendant. The Tornheims' divorce action forms the basis for that suit as well. In *Tornheim 1* the plaintiff seeks an Order invalidating sections of the New York State Domestic Relations Law. The defendants have filed a Motion to Dismiss under Fed. R. Civ. P. Rule 12(b)(1). It was returnable August 22, 2003 before this Court and is *sub judice*.

[3] Plaintiff seems to claim that CPLR §5511 violates his rights to due process since it unconstitutionally requires an appellant to be "aggrieved." Since the plaintiff cannot obtain subject matter jurisdiction over this action the defense will refrain from exploring the specifics of his complaints any further here.

Tornheim. Plaintiff took an appeal to the Appellate Division.[4] Although plaintiff had pursued the divorce action on the basis that his wife had constructively abandoned him in 1999, he sought to have the divorce judgment vacated upon his wife's declaration that she had abandoned the plaintiff a year *earlier* than he originally averred. Complaint, ¶¶17-19. Pursuant to CPLR 5511 the Appellate Division ordered "...that the appeal from so much of the judgment as granted the appellant a divorce is dismissed, without costs or disbursements, as the appellant is not aggrieved by that part of the judgment . . . ." [citations omitted]. *Tornheim v. Tornheim*, 303 AD2d 399 (2nd Dept. 2003); Complaint, ¶¶20-21.

## Argument

### PLAINTIFF CANNOT OBTAIN SUBJECT MATTER JURISDICTION

Plaintiff, a private citizen, seeks to sue the State of New York, the New York State Senate and the New York State Assembly in a United States District Court. If his federal claim could proceed and prevail, the resulting Orders of this Court would effectively overturn two state court decisions. For the reasons discussed below, plaintiff's action cannot be permitted to proceed.

**Sovereign immunity**

The Eleventh Amendment bars a suit in federal court against a state or one of its entities in the absence of the state's explicit consent to be sued or Congress's unequivocal abrogation of immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984). The bar is jurisdictional. It applies regardless of the nature of the relief sought. *Id.* at 98-101; *see also Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 58 (1996) ("we have often made it clear that the relief sought by plaintiff suing a State is irrelevant to the question of whether is suit is barred by the

---

[4] The appeal was to the Appellate Division, Second Department. *Tornheim v. Tornheim*, 303 AD2d 399 (2nd Dept. 2003).

3

Eleventh Amendment"); *Dube v. State Univ. of New York*, 900 F.2d 587, 594-95 (2nd Cir. 1990) (no legal or equitable relief against SUNY because of 11th Amdt.), *cert. den.*, 501 U.S. 1211 (1991).

**The Rooker-Feldman doctrine**

In two decisions written sixty years apart, the United States Supreme Court marked important boundaries of federal jurisdiction. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 414-16 (1923) and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476-79 (1983) form the basis for what has become known as the Rooker-Feldman doctrine. As a general matter, federal district courts are without power to review state court decisions. A federal plaintiff may not relitigate a claim or an issue[5] which he litigated, or had the opportunity to litigate,[6] in a state court proceeding.[7]

The Rooker-Feldman doctrine goes to subject matter jurisdiction. *See Moccio v. New York State Office of Court Admin*, 95 F.3d 195, 198 (2nd Cir. 1996); *Gentner v. Shulman*, 55 F.3d 87, 89 (2nd Cir. 1995). It serves important interests of repose, comity and federalism.[8] The doctrine precludes federal causes of action which amount to direct appeals from state court decisions. *See generally Hachamovitch v. DeBuono*, 159 F.3d 687, 693 (2nd Cir. 1998) (jurisdiction lacking if its exercise would effectively reverse or modify a state court judgment). It also precludes federal claims which are "inextricably intertwined" with the merits of state court decisions. *See Kropelnicki v.*

---

[5] *See Moccio v. New York State Office of Court Admin*, 95 F.3d 195, 199-200 (2nd Cir. 1996) (doctrine precludes claims as well as issues).

[6] *See Moccio*, 95 F.3d at 199-202.

[7] Federal review, if any, can occur only by way of a certiorari petition to the Supreme Court. *Moccio*, 95 F.3d at 197.

[8] *See University of Tennessee v. Elliott*, 478 U.S. 788, 796-99 (1986) (giving preclusive effect in federal courts to factfindings of state administrative bodies serves interests of repose and federalism); *see also Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984) ("interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests"); *Ellentuck, et al v. Klein, et al*, 570 F.2d 414, 426-27 (2nd Cir. 1978).

4

*Siegel*, 290 F.3d 118, 129 (2nd Cir. 2002) (if adjudication of claim in federal court would require it to determine that a state court judgment was erroneously entered or void, claim is inextricably intertwined with the merits of the state court judgment); *Johnson v. Smithsonian Institution, et al*, 189 F.3d 180, 185 (2nd Cir. 1999) (same).

This plaintiff would have this Court effectively overturn the Appellate Division's refusal to entertain part of his appeal. If CPLR 5511 is struck down, the basis for its refusal will be removed. Complaint, ¶24. Thus, he is bringing a direct appeal to federal court from the Second Department. The plaintiff would also have this Court vacate the divorce judgment of the Kings County Supreme Court. Complaint, p.14 ("Wherefore" clause). This action thus amounts to a direct appeal from that court as well. At the least, those judgments are inextricably intertwined with the claims which the plaintiff seeks to pursue. Viewed either way, plaintiff's federal action is barred.

The nature of the plaintiff's claims makes no difference for Rooker-Feldman purposes. Plaintiff purports to present federal civil rights causes of action, challenging CPLR 5511 on its face and as applied. *See* Complaint, ¶5 (federal question jurisdiction under 28 U.S.C. §1331); ¶¶23, 28 (due process); ¶29 (equal protection). Even if civil rights claims could be deemed adequately pled,[9] they are barred. *Ellentuck v. Klein*, 570 F2d 414, 425 (2nd Cir. 1978) (even in cases featuring federal civil rights claims, federal courts do not review determinations of state courts).

## CONCLUSION

The New York State defendants respectfully submit that plaintiff's action should be dismissed pursuant to Rule 12(b)(1).

---

[9] Plaintiff's nominal references to constitutional theories of relief do not nearly fulfill his pleading burden. *See generally Barr v. Abrams*, 810 F.2d 358, 363 (2nd Cir. 1987); *Koch v. Yunich*, 533 F.2d 80, 85 (2nd Cir. 1976). Since there is no subject matter jurisdiction over plaintiff's claims, the State defendants will forego fuller briefing on the merits.

Dated: Albany, New York
       September 10, 2003

                                ELIOT SPITZER
                                Attorney General of the State of New York
                                Attorney for Defendants State of New York, New York
                                State Senate and New York State Assembly
                                The Capitol
                                Albany, NY  12224

                                */s/ Charles J. Quackenbush*
                                Charles J. Quackenbush
                                Assistant Attorney General, Of Counsel
                                BRN 601683
                                Telephone:  (518)402-2270

TO:    Ernest H. Hammer, Esq.
         26 Broadway, 17th floor
         New York, NY 10004